USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/19/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
FLOYD SAMUELS,

               Plaintiff,        REPORT AND RECOMMENDATION

            -against-        06 Civ. 12898 (RCC)(MHD)

CORR. OFFICER JOHN DOE et al.,

              Defendants.
----------------------------------x

TO THE HONORABLE RICHARD C. CASEY, U.S.D.J.[1]:

Pro se plaintiff Floyd Samuels commenced this lawsuit by filing it with the Clerk of the Court on November 3, 2006. A prisoner in the New York City correctional system, he sought damages for physical injuries sustained when, after he took a shower, "the floor col[laps]ed under my feet." (Compl. at ¶ II(D)). He named as defendants a Dr. Faisal Ali, a Captain Pennick and two John Doe corrections officers.

On December 4, 2006, the late Judge Richard C. Casey referred the case to me for pretrial supervision and disposition of any dispositive motions. On December 13, 2006, we sent a letter to Mr. Samuels advising him that under Rule 4(m) of the Federal Rules of

---

[1] Because of the recent death of Judge Casey, this case will soon be transferred to another district judge. In the interim, the parties should address any objections to this Report and Recommendation to Judge Casey and should do so within the applicable time limits.

*1/17/2008 - The Report and Recommendation were sent to plaintiff at his last known address. It was returned as undeliverable. The plaintiff has not notified the court of any new address. Neither has he served the defendants. The Complaint is dismissed with prejudice.*

*Colle M W*
*USDJ*

Copies mailed/faxed/handed to counsel on 1/17/08

Civil Procedure he was required to serve the defendants within 120 days after the filing of the complaint. Since his pleading had been filed on November 3, 2006, we noted that his deadline for service was March 3, 2007. (Dec. 13, 2006 letter from the Court to Floyd Samuels). On December 22, 2006, we sent plaintiff another copy of the same letter because we had discovered in the interim that he had been discharged and had filed a change of address form on November 14, 2006.

On March 15, 2007 we checked the docket sheet and observed that there was no indication that any of the defendants had been served. We also confirmed with the United States Marshal's Office that plaintiff had not sent that office any request to arrange for service. Accordingly, on the same day we issued an order directing plaintiff to provide to the court an affirmation that showed good cause for his failure to timely serve the defendants. We directed that he provide that affirmation by no later than April 6, 2007. (Order dated March 15, 2007). We have not received any such affirmation, or indeed any other communication, from plaintiff since issuing that order.

Under the terms of Rule 4(m), a plaintiff is required to serve the defendants within 120 days after the filing of his complaint, and in the event that he fails to accomplish service or to obtain

2

an extension of time to do so, the court may dismiss the complaint without prejudice unless the plaintiff shows good cause for his default. In this case plaintiff has been on notice since December that he was required to arrange for service by March 3, 2007, and he failed to do so. He was then directed to show good cause for his failure by April 6, 2007, and he failed as well to do that. Indeed, with the exception of his having filed a change of address form, we have had no communication of any kind from plaintiff since he filed his complaint. Under the circumstances, the type of dismissal contemplated by Rule 4(m) is amply justified.

## CONCLUSION

For the reasons noted, we recommend that the complaint be dismissed without prejudice in view of plaintiff's failure to make timely service of process and his failure to show good cause for that failing.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the Honorable Richard C. Casey, Room 1350, and to the chambers of the undersigned, Room

1670, 500 Pearl Street, New York, New York 10007. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985); Small v. Secretary of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72, 6 (a), 6 (e).

Dated: New York, New York
April 16, 2007

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

A copy of the foregoing Report and Recommendation has been mailed today to:

Mr. Floyd Samuels
88-83 Van Wyck
Jamaica, New York 11435

4